```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO

JESÚS M. RIVERA-ARVELO,

    Plaintiff,
                                       Civil No. 09-1045 (JAF)
    v.

COMMONWEALTH OF PUERTO RICO,
et al.,

    Defendants.
```

**OPINION AND ORDER**

Plaintiff, Jesús Rivera-Arvelo, brings this action against Defendants, the Commonwealth of Puerto Rico; Puerto Rico Secretary of Justice Antonio Sagardía-de-Jesús; Assistant Solicitor General Minnie Rodríguez; the Supreme Court of Puerto Rico; Chief Justice Federico Hernández-Denton; Associate Justices Efraín Rivera-Pérez, Liana Fiol-Matta, and Annabelle Rodríguez-Rodríguez (collectively, the "Supreme Court"); the Committee on Character of the Practice of Law; Commissioners Doel Quiñones, Carlos Dávila, Robert Stohlberg, and Waleska Delgado; and Committee attorney Alcides Oquendo-Solís (collectively, the "Committee"), under 42 U.S.C. § 1983 and Puerto Rico law. (Docket No. 39.) Plaintiff seeks monetary and injunctive relief for alleged constitutional violations arising from his suspension from the practice of law and subsequent unsuccessful

Civil No. 09-1045 (JAF)                                          -2-

petitions for reinstatement. (Id.) Sagardía-de-Jesús, Rodríguez, and the Commonwealth move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 40). The Supreme Court and the Committee move to dismiss pursuant to the same rules. (Docket No. 47.) Plaintiff opposes. (Docket No. 49.)

**I.**

**Factual and Procedural Synopsis**

We derive the following relevant facts from Plaintiff's second amended complaint. (Docket No. 39.) As we must, we assume all Plaintiff's allegations are true and make all reasonable inferences in his favor. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001).

Plaintiff was admitted to the practice of law in Puerto Rico in 1975. The Supreme Court indefinitely suspended Plaintiff from practice on March 4, 1993. On at least two occasions, in 2002 and 2005, Plaintiff petitioned the Committee and the Supreme Court for reinstatement, proffering evidence that he has been rehabilitated and is fit to resume practice. In May 2002, the Committee held a hearing on one of Plaintiff's petitions. The Committee took evidence and heard testimony, but allegedly limited Plaintiff's ability to cross-examine witnesses. The Committee held another hearing between September 20 and November 8, 2005. Plaintiff proffered professional references and character evidence demonstrating his fitness to

Civil No. 09-1045 (JAF)                                                    -3-

practice law. All of Plaintiff's petitions have been denied by the Committee and/or the Supreme Court. Plaintiff remains suspended to date.

Plaintiff filed the present action in federal district court on January 15, 2009 (Docket No. 2), and filed an amended complaint on May 11, 2009 (Docket No. 39). The Commonwealth, Sagardía-de-Jesús, and Rodríguez moved to dismiss the amended complaint on May 21, 2009 (Docket No. 40), and the Supreme Court and the Committee moved to dismiss the amended complaint on May 27, 2009 (Docket No. 47). Plaintiff opposed these motions on June 9, 2009. (Docket No. 49).

**II.**

**Standards**

**A.   Rule 12(b)(1)**

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A movant may base a challenge to the sufficiency of the plaintiff's

Civil No. 09-1045 (JAF)                                              -4-

assertion of subject matter jurisdiction solely on the pleadings. <u>Id.</u> at 363. In that case, we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." <u>Id</u>. at 363; <u>see</u> <u>Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co.</u>, 215 F.3d 195, 197 (1st Cir. 2000).

**B.   <u>Rule 12(b)(6)</u>**

A defendant may also move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." <u>Wash. Legal Found. v. Mass. Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S. Ct. 1937, 1950 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>,

Civil No. 09-1045 (JAF)                                                    -5-

551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

### III.

### Analysis

**A.   Subject Matter Jurisdiction**

   **1.   Eleventh Amendment Immunity**

Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). "For Eleventh Amendment purposes, the Commonwealth is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay-Sánchez v. Pereira, 343 F. Supp. 2d 65, 71-72 (D.P.R. 2004) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir. 1993)). As the Commonwealth has not consented to litigation in this case, we have no power to hear Plaintiff's case against it.

   **2.   Rooker-Feldman**

Defendants assert that the Rooker-Feldman doctrine precludes our exercise of subject matter jurisdiction over Plaintiff's claims, because they amount to an impermissible appeal from a state-court judgment. (Docket Nos. 40, 47.) Plaintiff claims he does not seek review of a state-court judgment but, instead, brings a general constitutional challenge to the relevant bar rules. (Docket No. 39.)

Civil No. 09-1045 (JAF)                                                    -6-

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to hear appeals from state-court judgments. D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).[1] District courts also lack jurisdiction over constitutional claims that "are inextricably intertwined with the state court's denial in a judicial proceeding" because in such cases "the district court is in essence being called upon to review the state-court decision." Feldman, 460 U.S. at 483 n.16; accord Wilson v. Shumway, 264 F.3d 120, 124 (1st Cir. 2001). A federal constitutional challenge is "inextricably intertwined" with a state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Sheehan v. Marr, 207 F.3d 35, 40 (1st Cir. 2000) (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)). However, Rooker-Feldman does not bar "general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state-court judgment." Feldman, 460 U.S. at 486.

Insofar as Plaintiff argues that the Committee and the Supreme Court were arbitrary, biased, or simply wrong in their decisions to suspend him and to deny his petitions for reinstatement, we lack subject matter jurisdiction under Rooker-Feldman to consider these

---

[1] A petitioner seeking review of a final judgment of the Puerto Rico Supreme Court should apply for a writ of certiorari from the Supreme Court of the United States, not from a federal district court. See 28 U.S.C. § 1258.

Civil No. 09-1045 (JAF)                                                    -7-

claims as they amount to appellate review of the Supreme Court's decisions. Plaintiff's request that we find constitutional violations in the Supreme Court's and the Committee's actions or omissions is similarly outside our jurisdiction because those claims are inextricably intertwined with review of the state-court judgment. (See Docket No. 39.) We would not be able to find a constitutional defect without ruling that the Supreme Court was wrong in reaching the contested decisions. Cf. Rosenfeld v. Egy, 346 F.3d 11, 19 (1st Cir. 2003) (finding constitutional claims "inextricably intertwined" with the state-court judgment because plaintiff would not have raised them had the contested order not been issued).

Plaintiff attempts to characterize his claims as prospective, general constitutional challenges to the rules governing petitions for reinstatement. (See Docket No. 43.) Such claims would be within the scope of our jurisdiction. See Feldman, 460 U.S. at 486. After careful review of Plaintiff's second amended complaint, however, we are unpersuaded that he has brought such claims. (See Docket No. 39.) The vast majority of the complaint focuses on the merits of Plaintiff's suspension and the Supreme Court's decisions denying his petitions for reinstatement. (See id.) Plaintiff alleges that the decisions were arbitrary and inconsistent with the law, that the Supreme Court justices were biased and discriminatory, and that the procedures available to him were flawed. (Id.) Plaintiff points to no

policy or rule that he finds to be constitutionally defective. (Id.) Reading the complaint liberally, Plaintiff instead seems to assert that the lack of rules barring the Supreme Court's alleged errors and misconduct is unconstitutional, yet even these allegations are couched in references to the specific circumstances of his case. (See id.) Furthermore, Plaintiff largely seeks retrospective relief focused on the alleged continuing injuries caused by the Supreme Court's decisions; he adds to this a request for "prospective" declaratory relief "directed toward the rules and procedures for considering future petitions for reinstatement." (Id.) Plaintiff fails in his attempt to carve out his claims from Rooker-Feldman by adding cursory allegations and a formulaic request for relief. Cf. Wilson, 264 F.3d at 125-26 (finding plaintiff failed to bring a general constitutional challenge sufficient to avoid Rooker-Feldman bar where he alleged only facts relative to his individual situation, sought relief that would only impact himself, and failed to reference the defective regulation). We, therefore, lack subject matter jurisdiction over Plaintiff's claims.

**B.   Failure to State a Claim**

We find, in addition, that Plaintiff has failed to state a claim against Sagardía-de-Jesús and Rodríguez. Under § 1983, a defendant may be held liable for depriving a citizen of his constitutional rights under color of territorial law. 42 U.S.C. § 1983. A defendant

may not be held liable on a theory of <u>respondeat superior</u> or for merely negligent omissions. See <u>Febus-Rodríguez v. Betancourt-Lebrón</u>, 14 F.3d 87, 91-92 (1st Cir. 1994). Plaintiff alleges only that Sagardía-de-Jesús, as the Secretary of Justice, represents the Commonwealth and, thus, "ratifies" the supposed wrongdoing of the Supreme Court and that Rodríguez, as Assistant Solicitor General, failed to "prevent the illegal conducts [sic] of the [Committee]." (<u>Id.</u>) These allegations fail to demonstrate Sagardía-de-Jesús and Rodríguez' liability under § 1983.

**C.    Supplemental Jurisdiction**

Absent a federal question in this case, we decline to exercise supplemental jurisdiction over Plaintiff's Puerto Rico law claims.

**IV.**

**Conclusion**

Accordingly, we hereby **GRANT** Defendants' motions to dismiss (Docket Nos. 40, 47). We **DISMISS** Plaintiff's claims against the Puerto Rico Supreme Court and the Committee **WITHOUT PREJUDICE** to pursuit of relief in the Supreme Court of the United States if still timely, **DISMISS** his claims against Sagardía-de-Jesús, Rodríguez, and the Commonwealth **WITH PREJUDICE**, and **DECLINE** to exercise jurisdiction on his Puerto Rico law claims based on supplemental jurisdiction

grounds. We **DENY** Defendants' prior motions to dismiss (Docket Nos. 15, 27) as **MOOT**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of June, 2009.

                                      S/José Antonio Fusté
                                      JOSE ANTONIO FUSTE
                                      Chief U.S. District Judge