UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JESÚS M. RIVERA-ARVELO,

   Plaintiff,

   v.

COMMONWEALTH OF PUERTO RICO,
et al.,

   Defendants.

Civil No. 09-1045 (JAF)

**O R D E R**

Plaintiff Jesús M. Rivera-Arvelo timely moves under Federal Rule of Civil Procedure 59(e) for reconsideration of our Opinion and Order dated June 12, 2009 (Docket No. 51), which granted Defendants' motions to dismiss for lack of subject-matter jurisdiction and for failure to state a claim (Docket Nos. 40; 47). (Docket No. 55.)  Defendants oppose. (Docket No. 59.)

Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or fact; (2) consider newly-discovered evidence; (3) incorporate an intervening change in the law; or (4) otherwise prevent manifest injustice.  See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has made no showing, nor do we find, that any such circumstances are present here.  Plaintiff essentially reasserts the arguments from his second amended complaint. (Docket No. 39.)  He makes no argument that negates the bases for our prior decision, that (1) we lack

subject-matter jurisdiction over Plaintiff's claims against Commonwealth, given Eleventh Amendment immunity, and over his claims against the Puerto Rico Supreme Court, the Committee on Character of the Practice of Law, and their members, given the Rooker-Feldman doctrine; and (2) Plaintiff failed to state a claim under 42 U.S.C. § 1983 against Defendants Minnie Rodríguez and Antonio Sagardía–de Jesús, given his failure to allege their participation in the alleged constitutional violations.  (Docket Nos. 51; 58.)

We note for the sake of clarity that our original decision construed Plaintiff's as an as-applied challenge to Puerto Rico rules governing the reinstatement of attorneys suspended from the practice of law.  Despite Plaintiff's contention, we found in his pleadings a dearth of nonconclusory facts that could support a facial challenge. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009) (requiring plaintiff's factual allegations to "plausibly suggest an entitlement to relief").  An as-applied constitutional challenge in this context runs afoul of Rooker-Feldman, which precludes our subject-matter jurisdiction over a case that would require us to review a Commonwealth judicial proceeding.[1] See D.C. Court of Appeals v. Feldman, 560 U.S. 462, 486 (1983).  In sum, we find no basis under Rule 59(e) on which to reconsider our original opinion.

We hereby **DENY** Plaintiff's motion for reconsideration (Docket No. 55).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of March, 2010.

                     s/José Antonio Fusté
                     JOSE ANTONIO FUSTE
                     Chief U.S. District Judge

---

[1] As noted in our original order, the proper avenue for such review is to apply for a writ of certiorari from the United States Supreme Court. (See Docket No. 51 at 6 n.1.)